# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

№ 09-CR-580 (JFB)
_____

UNITED STATES OF AMERICA,

versus

TERRENCE BARLOW,

Defendant.

_____

**MEMORANDUM AND ORDER**
November 23, 2010
_____

JOSEPH F. BIANCO, District Judge:

The Indictment charges the defendant, Terrence Barlow, with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g).

Prior to trial, the government made a motion *in limine* seeking to admit evidence, through defendant's post-arrest statements, concerning the defendant's participation in an attempted robbery or burglary at the time he was found by police in possession of the ammunition (in a firearm) on July 16, 2009. The defendant opposed that motion. On October 7, 2009, after hearing argument, the Court granted the government's *in limine* motion orally and provided the basis for its ruling on the record. However, the Court also provides a more extended analysis of its decision in this Memorandum and Order.[1] Therefore, for the reasons set forth below and orally on the record in Court, the government's motion *in limine* to admit certain evidence regarding the defendant's participation in an attempted burglary is granted. More specifically, the Court concludes that such evidence is admissible as background to the charged crime and under Rule 404(b), and has conducted the requisite balancing under Rule 403 regarding such evidence.[2]

---

[1] On October 20, 2009, after a jury trial, the jury returned a guilty verdict on the one-count Indictment. A detailed recitation of the evidence, as adduced at trial, is contained in the Court's Memorandum and Order denying defendant's post-trial motions.

[2] With respect to pre-trial motions, the defendant also made a motion to suppress the physical evidence obtained by the police at the time of the defendant's stop and arrest on the grounds that the

## I. Admissible as Background as to the Charged Crime

As the Second Circuit has repeatedly noted, "'evidence of uncharged criminal activity is not considered other crimes evidence under Fed. R. Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial.'" *United States v. Carboni,* 204 F.3d 39, 44 (2d Cir. 2000) (quoting *United States v. Gonzalez,* 110 F.3d 936, 942 (2d Cir. 1997)); *see also United States v. Inserra*, 34 F.3d 83, 89 (2d Cir. 1994) ("[E]vidence of other bad acts may be admitted to provide the jury with the complete story of the crimes charged by demonstrating the context of certain events relevant to the charged offense."); *United States v. Daly*, 842 F.2d 1380, 1388 (2d Cir. 1988) ("[T]he trial court may admit evidence that does not directly establish an element of the offense charged, in order to provide background for the events alleged in the indictment. Background evidence may be admitted to show, for example, the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed.").

In the instant case, the Court concludes that the alleged evidence regarding the defendant's participation in an attempted burglary at the time he was found in possession of a loaded firearm is admissible under this well-established case authority. As a threshold matter, although the defendant is only charged with possession of ammunition (and not the firearm itself which allegedly contained the ammunition), the government's evidence is that the ammunition was loaded in a gun carried by the defendant. Therefore, the possession of the gun is inextricably intertwined with the possession of the ammunition itself. Moreover, as discussed in detail below, the evidence of the defendant's participation in an attempted burglary at the time of the possession of the loaded firearm is inextricably intertwined with the possession of the gun and is necessary for the government to complete the story of the charged crime.[3]

First, the evidence, if credited by the jury, explains why the defendant had the gun (containing the ammunition) at the time of his arrest on July 16, 2009. Without this evidence of the attempted burglary, the jury would have no understanding as to why the defendant would have had a gun and/or ammunition on the date in question. Moreover, the jury would have no context for considering the testimony by the police officers regarding their observations of the defendant's behavior as they approached 678 Rogers Avenue. In

---

police lacked a legal basis for the stop and the arrest. The defendant also sought to suppress the post-arrest statements as fruits of the illegal arrest, but not on voluntariness grounds. The Court ordered an evidentiary hearing on the basis for the stop and arrest and, following the hearing on September 25, 2009, denied the defendant's motion in its entirety in a detailed ruling on the record in which the Court concluded that the government had met its burden of proving the lawfulness of the stop and arrest of the defendant. That separate ruling is not the subject of this Memorandum and Order.

[3] The Court notes that, although the parties use both the term "attempted robbery" and "attempted burglary" to describe the evidence at issue, the Court will use the term "attempted burglary" for purposes of this Memorandum and Order.

other words, the jury would not be able to understand why the defendant was allegedly standing outside the alleyway at 678 Rogers Avenue with a loaded firearm and why he was allegedly surreptitiously speaking over his shoulder to someone behind the alleyway as he locked eyes with the police officer who approached. For these reasons, the evidence of the attempted burglary is inextricably intertwined with the charged conduct and is necessary to furnish an explanation as to why the defendant allegedly possessed the loaded firearm and why certain acts were allegedly taken by the defendant immediately prior to the arrest, as the police approached him.

Second, the evidence of the attempted burglary is inextricably intertwined with the post-arrest confession by the defendant, when he allegedly admitted orally to one police officer and in writing to another police officer, after waiving his *Miranda* warnings, that he possessed the loaded firearm. In particular, the critical admission regarding the possession of the firearm allegedly occurred in the context of the defendant explaining his participation in the attempted burglary. Therefore, without the evidence of the statements regarding the attempted burglary, the jury would be unable to understand the context of the defendant's statements and to properly determine the disputed issues regarding whether the admission regarding the the possession of the firearm was made and, if so, whether the admission was voluntary.

Finally, the evidence of the attempted burglary (including the radio run) is necessary to explain the police officers' actions immediately prior to the arrest of the defendant on the date in question. In particular, without this evidence, the jury would not have an understanding as to what drew the officers' attention to the defendant in the first place and would be unable to evaluate, in its proper and critical context, the credibility of the officers' testimony regarding what they observed. In other words, if the evidence of the officers' actions are presented in a vacuum, without reference to the evidence of the attempted burglary, it could unfairly impact the credibility of the officers and unfairly prejudice the government by preventing the government from (1) explaining to the jury what prompted the police officers' actions that day and (2) corroborating the officers' testimony regarding their observations of the defendant on that date with evidence of defendant's participation in an attempted burglary from his own statements.

In short, the evidence regarding the defendant's participation in an attempted burglary at the time he was allegedly arrested with the loaded firearm is inextricably intertwined with the charged possession of ammunition and is clearly necessary to complete the story of the crime on trial.[4]

---

[4] Although not specifically raised by the defendant in his opposition to the government's motion, the Court concluded, based upon the government's proffer prior to trial (which was consistent with their evidence at trial), that there was a more than sufficient evidentiary basis regarding the defendant's participation in the attempted burglary, for purposes of the admission of the evidence under Second Circuit case authority (discussed *infra*), to allow the jury to consider this evidence. In particular, the government introduced both oral and written statements in which the defendant admitted to police officers that he possessed the loaded firearm in connection with an attempted robbery/burglary. These post-arrest statements were consistent with the testimony of the police officers regarding the defendant's surreptitious and evasive conduct prior to his arrest. Moreover,

Accordingly, because the Court also finds that the evidence is not precluded under Rule 403 analysis for the reasons discussed *infra*, the Court finds such evidence admissible for these purposes.

II. Admissible under Rule 404(b)

In the alternative, even assuming *arguendo* that the evidence were not admissible as background to the crime charged, the Court concludes that it is admissible under Rule 404(b).

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, the Rule then provides that "[i]t may . . . be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident." *Id.* "The Second Circuit's 'inclusionary approach' to the admission of other act evidence 'allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity.'" *United States v. Guang*, 511 F.3d 110, 121 (2d Cir. 2007) (quoting *United States v. LaFlam,* 369 F.3d 153, 156 (2d Cir. 2004) (per curiam)). Under this standard, the Second Circuit has repeatedly held that such evidence is admissible to demonstrate, among other things, the motive and/or intent of the defendant in committing the charged crime. *See, e.g.*, *LaFlam,* 369 F.3d at 156 (admitting evidence of drug use to demonstrate motive for robbery); *United States v. Rodriguez*, 53 F.3d 545, 546 (2d Cir. 1995) (admitting evidence of links to drug organization to establish motive for visiting apartment where drugs and guns were found); *United States v. Blum,* 62 F.3d 63, 68 (2d Cir. 1995) (admitting evidence of embezzlement to show motive to fabricate company records); *United States v. Gonzalez,* 922 F.2d 1044, 1056 (2d Cir. 1991) (admitting evidence of cash recovered from defendant to demonstrate he was a drug dealer with motive to murder cooperating witness); *United States v. Willoughby,* 860 F.2d 15, 24 (2d Cir. 1988) (admitting evidence of participation in uncharged robbery as relevant to show motive in conspiracy to obstruct justice); *United States v. Pedroza,* 750 F.2d 187, 201 (2d Cir. 1984) ("[S]ome detail as to the events involving the cocaine was necessary to the jury's understanding of, for example, whether a kidnaping was intended, why a kidnaping might have been thought desirable, and why the person abducted was [the victim].").

Of course, the admission of such evidence for these other purposes is still subject to the balancing of Fed. R. Evid. 403. *See United States v. Brennan,* 798 F.2d 581, 589 (2d Cir. 1986) (finding prior acts evidence admissible for purposes other than showing criminal propensity "as long as it is 'relevant to some disputed issue in the trial' and satisfies the probative-prejudice balancing test of Fed. R. Evid. 403") (quoting *United States v. Figueroa*, 618 F.2d 934, 939 (2d Cir. 1980)). Thus, in considering the admissibility of such evidence, the Court should consider whether (1) the evidence is being offered for a proper purpose, (2) the evidence is relevant to a material issue in dispute, and (3) the probative

---

the statement contained details regarding items that the co-defendants possessed—such as duct tape and gloves—which were consistent with what was recovered by police at the scene. Thus, the government had a sufficient evidentiary basis to allow the admission of this evidence for the jury's consideration on these permissible grounds.

4

value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403. *See Huddleston v. United States*, 485 U.S. 681, 691-92 (1988); *LaFlam*, 369 F.3d at 156. Moreover, the Court should give the jury an appropriate limiting instruction concerning the proper use of that evidence, if such a request is made by the defendant. *See Huddleston,* 485 U.S. at 691-92; *LaFlam*, 369 F.3d at 156; Fed. R. Evid. 105.

In the instant case, the Court concludes that the evidence of the attempted burglary is admissible under Rule 404(b). The government seeks to admit such evidence for a proper purpose—namely, motive and/or intent as to the reason the defendant possessed the loaded firearm. The defendant disputes that he possessed the loaded firearm on the date in question and, thus, his motive for possessing the loaded firearm, as well as his accompanying intent, are highly probative on the issue of whether, in fact, he possessed the firearm.

Finally, with respect to the requisite Rule 403 balancing, the Court views this evidence, for the reasons discussed above, as highly probative both in terms of providing necessary background to the crime charged and, under Rule 404(b), on the issues of motive and intent. In a prosecution where the defendant is charged with possession of a loaded firearm, the danger of unfair prejudice from the admission of this evidence of an attempted burglary is minimal.[5] *See, e.g.*, *United States v. Livoti,* 196 F.3d 322, 326 (2d Cir. 1999) (finding no abuse of discretion in admitting evidence of uncharged act where it "did not

---

[5] The Court notes that in its initial ruling granting the government's motion, the Court also addressed any potential unfair prejudice to the defendant by narrowly limiting the evidence that the government could offer regarding the attempted burglary, including redacting certain details from the defendant's statement regarding his knowledge of particular items (such as gloves and duct tape) in the possession of alleged co-conspirators. However, the Court warned defense counsel that, if he argued that the police fabricated the confession, he would open the door for the admission of the additional details in the confession of the attempted burglary so that the government could properly rebut such arguments by, among other things, showing that the defendant was aware of details regarding the alleged burglary. The same analysis would apply if the defense argued that the defendant fabricated the confession because he was coerced. Defense counsel, however, decided to pursue the fabrication argument regarding the post-arrest statement (both as to the possession of the firearm and the involvement in the attempted burglary) and, in fact, determined that the details of the burglary contained in the post-arrest statement were necessary to support his fabrication argument. *See* Defense Counsel's Letter, dated October 6, 2009, at 5 ("If the Government is permitted to offer Mr. Barlow's alleged statement, it should not be redacted under the rule of completeness."); *see also* Trial Transcript, at 28-29 (after the Court explained, following the opening, that defense counsel had opened the door to the government eliciting more details of the attempted burglary to rebut the fabricated confession argument, defense counsel responded: "That was the original ruling of the Court; that that limited evidence [which would be admissible from the confession] was that the gun was to be used in a burglary without the details. And it's in the teeth of that that I determined that it was in my client's best interest to elicit the details. So it's – my real objection is to that original ruling, and I certainly understand the thought process and will abide by it and I won't object on 403 grounds.") Of course, defense counsel has preserved the defendant's objection to the initial ruling by the Court.

5

involve conduct more inflammatory than the charged crime"). In any event, any potential for unfair prejudice can be addressed by a limiting instruction to the jury that explains the purpose for which this evidence is being offered.[6] Thus, the Court has performed the Rule 403 balancing and, after careful consideration of the evidence under the circumstances of this case, finds that the danger of unfair prejudice does not substantially outweigh the high probative value.

Courts in analogous circumstances have reached the same conclusion. For example, in *United States v. Gonzalez*, 110 F.3d 936, 941-42 (2d Cir. 1997), in which the defendants were charged with being felons in possession of firearms, the Second Circuit affirmed the admission of evidence of an attempted burglary that occurred immediately prior to the defendants' alleged possession of the firearms. More specifically, the Second Circuit held that "[t]he burglary evidence in this was relevant to both a possible motive for the defendants' possession of firearms and to provide crucial background evidence that gave coherence to the basic sequence of events that occurred on the night of [the alleged incident]." *Id*. at 942. Thus, the Court explained that the evidence was properly admitted "once it was established that there was some basis for believing that defendants had been involved in the burglary." *Id*. In reaching this decision, the Second Circuit also rejected defendants' Rule 403 claim by finding that the district court did not "act[] arbitrarily or irrationally in concluding that the probative value of the evidence of the burglary was [not] substantially outweighed by a danger of unfair prejudice to defendants." *Id.* Finally, the Court noted that the evidence did not implicate Rule 404(b) in light of the well-established rule that "evidence of uncharged criminal activity is not considered 'other crimes' evidence under Fed.R.Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it [is] inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime [on] trial." *Id*. (citations and internal quotation marks omitted).[7]

Other circuit courts have reached the same conclusion under similar circumstances. For example, in *United States v. Lee*, 612 F.3d 170, 185-87 (3d Cir. 2010), in which the defendant was charged with being a felon in

---

[6] Such a limiting instruction was given during the trial and also during the instructions to the jury at the conclusion of the case.

[7] There are also several unpublished Second Circuit decisions that have affirmed the district court's admission of this type of evidence. *See, e.g.*, *United States v. Jackson*, 47 F. App'x 36, 38-39 (2d Cir. 2002) (where defendant was charged with being a felon in possession of a firearm, district court did not abuse its discretion in admitting evidence of a redacted version of a "'wanted' flyer to establish that [the defendant] was wanted in connection with a shooting, thus providing the jury with an explanation as to why the officers had initially approached him"); *United States v. Thristino*, 47 F. App'x 7, 9 (2d Cir. 2002) (where defendant was charged with being a felon in possession of ammunition, "evidence of drug-dealing in [defendant's] apartment was . . . relevant to show his motive for possessing ammunition as a 'tool' of the drug trade" and "[t]he evidence of drug activity was 'inextricably intertwined' with the evidence of the ammunition and was needed to explain the relationships among the individuals involved and the facts precipitating the arrest"). However, these non-published decisions do not have precedential value.

6

possession of a firearm, the Third Circuit affirmed the admission of the defendant's statements during a police interview in which the defendant discussed his prior possession of a firearm and the fact that he had, among other things, shot at another individual with whom he had an on ongoing feud. In particular, the Third Circuit concluded that the statements "reveal that [the defendant] had reason to possess a weapon on the day in question." *Id*. at 187. The Court further explained:

> In a case like this, where [the defendant] is asserting that he never had a gun on the day in question, it is important to know that he had a personal motivation to possess a gun. Indeed, someone who is involved in an ongoing feud – a feud during which guns have been used – is far more likely to have a gun in his possession than someone who is not involved in such a feud.

*Id*. at 187 n. 19; s*ee also United States v. Butler*, 594 F.3d 955, 964 (8th Cir. 2010) (where defendant charged with being a felon in possession of a firearm and ammunition, district court did not abuse discretion in admitting drug-related evidence recovered along with firearm because "[w]hen drug-related evidence is 'closely and integrally related' to the issue of ownership and possession of firearms, the district court does not abuse its discretion in admitting the drug-related evidence in a possession of a firearm case"); *see generally United States v. Perry*, 379 F. App'x 888, 896 (11th Cir. 2010) (affirming admission of two prior felony firearm-related convictions in felon in possession of ammunition case and noting "[t]his Court repeatedly has upheld the admission of prior convictions involving the possession of a firearm to prove the defendant's present knowing possession of a firearm") (collecting cases).

Finally, the instant case is readily distinguishable from *United States v. Williams*, 585 F.3d 703 (2d Cir. 2009), in which the Second Circuit found error in the admission of evidence regarding contraband found in an apartment the day after defendant's arrest on the street for being a felon in possession of a firearm. First, in *Williams*, the evidence, recovered in the apartment one day later was unnecessary to explain the background to the crime, or the police officers' conduct on the date in question, because there was separate evidence that was admitted establishing that the police were responding to a report of a shooting in the building when they apprehended the defendant on the day of the arrest. *Id*. at 707-08. Second, the question of whether the defendant had an opportunity or motive to possess a gun was not put in issue during the trial. *Id*. at 708. Third, in *Williams*, "while the evidence that [the defendant] had ready and contemporaneous access to an apartment in which firearms were recovered constituted a relevant piece of circumstantial evidence tending to prove that he possessed the weapon at issue, the evidence offered at trial went far beyond what was necessary for this purpose." *Id.* Fourth, the Second Circuit noted in *Williams* that, during the trial, the government did not even argue or assert that the defendant had the opportunity or motive to possess a gun, but instead improperly argued propensity by stating that the contraband "established 'who the defendant really is'" and by "suggest[ing] that the evidence allowed the jury 'to make a reasonable conclusion about the defendant.'" *Id*. at 709.

7

The instant case possesses none of the problems identified in *Williams* because, *inter alia*: (1) the attempted burglary evidence regarding defendant Barlow is necessary to explain why the police were responding, why they focused on the defendant, and why the defendant acted in the manner he did when they approached; (2) defendant Barlow's motive and intent to possess the gun is certainly at issue, and the attempted burglary evidence is critical to establish those issues, as well as to explain the context of Barlow's post-arrest admission regarding the gun (and to rebut the defendant's fabrication argument); and (3) the Court has carefully limited the evidence to only those facts necessary for the above-referenced permissible purpose and took great care to avoid any unfair prejudice under Rule 403.[8]

Accordingly, the government's motion *in limine* to introduce evidence concerning the defendant's participation in an attempted burglary, on the day he allegedly possessed the ammunition charged in the Indictment, is granted.

CONCLUSION

For the reasons set forth above and orally on the record in Court, the government's motion *in limine* to admit evidence concerning the defendant's participation in an attempted burglary is granted.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: November 23, 2010
Brooklyn, New York

\* \* \*

The United States is represented by Loretta E. Lynch, U.S. Attorney, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, NY 11201 by Amir H. Toosi, Assistant U.S. Attorney. Defendant Barlow is represented by Zachary Margulis-Ohnuma, 260 Madison Avenue, 18th Floor, New York, NY 10016.

---

[8] The Court also notes, since the trial has occurred, that the government in the instant case, unlike in *Williams*, did not use the evidence to suggest propensity, but rather only referred to the evidence for its proper purpose in making arguments to the jury.